103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Lee TRACY, Plaintiff-Appellant,
v.
Phillip PARKER; Bobby Waller; Gary Holland; Glenn Miller;
Jack Reese; C. Trotter, LPN; D. Taylor, RN,
Defendants-Appellees.
 No. 96-5352.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1996.
 
 Before: LIVELY, NELSON, and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky state prisoner appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. The panel has determined that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Gary Lee Tracy sued the warden of the Kentucky State Penitentiary (Phillip Parker), a shift commander (Bobby Waller), three correctional officers (Gary Holland, Glenn Miller, and Jack Reese), and two prison nurses (C. Trotter and D. Taylor). Tracy claimed that the defendants violated his constitutional rights in conducting a body cavity search on him. In his amended complaint, Tracy specified that he was suing the defendants in their individual capacities.
 
 
 3
 The magistrate judge recommended that the defendants' motion for summary judgment be granted. Upon de novo review, the district court concluded that a reasonable jury could find that Tracy's constitutional rights had been violated and denied defendants' motion for summary judgment. The defendants moved for reconsideration of the court's order and supplemented the record with the affidavit of defendant Gary Holland. The district court granted defendants' motion for reconsideration, granted defendants' motion for summary judgment, and dismissed Tracy's complaint with prejudice. Tracy appeals that judgment.
 
 
 4
 Tracy reasserts the claims he set forth before the district court. He also argues that the district court erred by granting defendants' motion for reconsideration and considering defendants' supplemental affidavit.
 
 
 5
 This court reviews a judgment granting summary judgment de novo. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). Upon review, we conclude that the district court did not abuse its discretion by granting defendants' motion for reconsideration and properly granted summary judgment in favor of the defendants.
 
 
 6
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum opinion dated February 2, 1996.